# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. LEDGARD,<br><br>                      Plaintiff,<br><br>vs.<br><br>ERIC WEBBER, GLENDALE (CA) POLICE DEPARTMENT, CITY OF GLENDALE (CA),,<br><br>                      Defendant. | CASE NO. 10-CV-990-MMA (POR)<br><br>**ORDER GRANTING UNOPPOSED MOTION TO TRANSFER VENUE**<br><br>[Doc. No. 8] |

This civil rights matter is before the Court on Defendants Eric Webber, Glendale (CA) Police Department, and the City of Glendale (CA)'s Motion to Transfer Venue to the Central District of California pursuant to 28 U.S.C. § 1404(a) [Doc. No. 8]. Plaintiff Kevin B. Ledgard, proceeding *pro se*, has not filed an opposition to the motion. The Court took the matter under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1 [Doc. No. 11]. For the following reasons, the Court **GRANTS** the motion.

### DISCUSSION

This case arises out of events surrounding the criminal investigation and eventual arrest of Plaintiff by Detective Eric Webber of the Glendale, California Police Department. Plaintiff alleges that Defendants violated his Fourteenth, Fourth, and Fifth Amendments. Defendants now request that the Court exercise its discretion under 28 U.S.C. § 1404(a) and transfer venue to the Central

1  District of California, arguing that all relevant actions occurred in Los Angeles County, within the
2  Western Division of the Central District, with the sole exception of Plaintiff's ultimate arrest.

3  "For the convenience of parties and witnesses, in the interest of justice, a district court may
4  transfer any civil action to any other district or division where it might have been brought." 28
5  U.S.C. § 1404(a). The Court finds that venue is proper in the Central District. Generally, there is a
6  strong presumption in favor of the plaintiff's choice of forum. *Ravelo Monegro v. Rosa*, 211 F.3d
7  509, 513 (9th Cir. 2000). In addition, courts will generally not order a transfer unless the
8  "convenience" and "justice" factors strongly favor venue elsewhere. *Securities Investor Protection*
9  *Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). Here, Plaintiff does not oppose the transfer,
10 and Defendants sufficiently allege that the Central District provides a more convenient forum.[1] The
11 Court has reviewed the pleadings in this matter, and agrees.

### CONCLUSION

13 Based on the above-stated reasons, the Court **GRANTS** Defendants' motion. The Court
14 hereby **ORDERS** this case transferred to the United States District Court for the Central District of
15 California (Western Division) pursuant to 28 U.S.C. § 1404(a).

16 **IT IS SO ORDERED**.

17 DATED: October 25, 2010

18 
19 Hon. Michael M. Anello
   United States District Judge

---

[1] Local Civil Rule 7.1(f)(3)(c) provides that "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1. e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." As such, the Court has the option of granting Defendants' motion on the basis of Plaintiff's failure to respond, but chooses in this instance to grants the motion on its merits.